UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES HARLAN PETERS,<br><br>Defendant. | No. 2:11-cr-00406-KJM-1<br><br><br><br>ORDER |

On April 3, 2013, the court sentenced defendant James Harlan Peters to a 60-month term of imprisonment and a 48-month supervised release term. ECF No. 33. Peters began his term of supervised release on May 20, 2015, and now moves for early termination under 18 U.S.C. § 3583(e)(1). Mot., ECF No. 49.

The court requires additional information to rule on Peters' motion. Specifically, although Peters cites the 18 U.S.C. § 3553(a) factors this court must consider in deciding this motion, he provides no substantive discussion of those factors or how they should be applied here. *See* Mot. at 2-3; 18 U.S.C. 3583(e)(1) (permitting a court to terminate a defendant's term of supervised release "after the expiration of one year of supervised release" and following consideration of factors set forth in 18 U.S.C. § 3353(a)).[1] Similarly, Peters cites nine factors

---

[1] The 18 U.S.C. § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4)

1

United States Probation Officers apply to determine "the suitability of early termination for offenders," but does not discuss or apply those factors, or clarify how they inform the court's decision. *See* Mot. at 2; Admin. Office of the United States Courts' Guide to Judiciary Policy, Volume 8, Part E, § 380.10 (2012) ("Probation Guide"), available at http://jnet.ao.dcn/policy-guidance/guide-judiciary-policy/volume-8-probation-and-pretrial-services/part-e-supervision-federal-offenders-monograph-109/ch-3-supervision-assessment-and-planning-process#380_10. Those factors include, *inter alia*, whether the defendant played an "aggravated role in the offense of conviction" and whether the defendant has a "history of violence," both of which may be relevant here but are not addressed, if they in fact guide the court's consideration. *See* Probation Guide § 380.10(b)(3)-(4). Furthermore, Peters cites as a basis for his request that he will obtain a contractor's license in September of this year, but he provides no documentation or information supporting that representation. *See id.* at 1. Likewise, he explains that he lives with his fiancé in the Eastern District of California, yet he provides no information confirming that his current and future housing plans are stable, s*ee id.*, against a backdrop of what the court understands from Probation has been significant residential instability.

        Peters seeks "the benefit of early termination" and thus bears the burden of "demonstrat[ing] that such a course of action is justified." *See United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006). The court will permit Peters to file a supplemental brief within seven days that addresses the concerns identified in this order. The brief may not exceed ten pages. The United States may file a response, if any, within seven days of Peters' supplemental brief.

        IT IS SO ORDERED.

DATED: April 13, 2018.

_____
UNITED STATES DISTRICT JUDGE

---

defendant's need for educational or vocational training, medical care, or other correctional treatment; (5) the applicable sentencing range; (6) any pertinent policy statement by the Sentencing Commission; (7) the need for consistency in sentencing across similar cases; and (8) the need to provide restitution to victims. *See* 18 U.S.C. 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).