UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:11-cr-00406-KJM-1 |
| Plaintiff, | |
| v. | ORDER |
| JAMES HARLAN PETERS, | |
| Defendant. | |

On April 3, 2013, the court sentenced defendant James Harlan Peters to 60 months in prison followed by 48 months on supervised release. ECF No. 33 (Sentencing Mins.). Peters began his term of supervised release on May 20, 2015 and moved for early termination under 18 U.S.C. § 3583(e)(1) on March 28, 2018. Mot., ECF No. 49. The court identified several issues requiring clarification based on Peters' motion and granted Peters an opportunity to address them in a supplemental brief. ECF No. 50. Peters then filed a supplemental brief. Suppl. Br., ECF No. 53. The government supports Peters' early termination motion. The Probation Office recommends the court deny the motion. For the following reasons, having carefully considered the question, the court GRANTS Peters' motion.

I. LEGAL STANDARD

After a defendant has served at least one year on supervised release, a court may terminate the defendant's term of supervised release "if it is satisfied that such action is warranted

1

by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *United States v. Emmett*, 749 F.3d 817 (9th Cir. 2014). In making this determination, courts consider the following factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; (5) the sentence and sentencing range established for the category of the defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7).

"It is defendant's burden to establish that he is entitled to the rarely-granted remedy of early termination of supervised release." *Emmett*, 749 F.3d at 824 (citations omitted). A defendant typically carries his burden "by alerting the district court to 'unforeseen' or 'changed circumstances' that implicate its initial sentencing decision and analysis." *Id.* (quoting *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000)). Changed circumstances may include "exceptionally good behavior by the defendant" or other factors that "render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Miller*, 205 F.3d at 1001 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2nd Cir. 1997)). But because § 3583(e)(1) includes "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice,'" it is "clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Emmett*, 749 F.3d at 819.

II. DISCUSSION

After carefully considering the parties' and Probation Office's submissions and guided by the directive that a sentence shall be "sufficient, but not greater than necessary" to accomplish 18 U.S.C. § 3553(a)'s goals, the court finds early termination of Peters' supervised release sentence serves the interest of justice and is warranted by his post-release conduct. *See* 18 U.S.C. §§ 3553(a), 3583(e)(1).

| 1  | While on supervised release, Peters has made significant contributions to his
| 2  | family and community, including caring for his terminally ill father throughout the final stages of
| 3  | his life. *See* Suppl. Br. at 2-3. His sister, Brenda Eckart, provides a letter in support of Peters'
| 4  | motion, describing Peters' time caring for his father in 2016 as "[a] life changing" experience for
| 5  | Peters and explaining that Peters is engaged to "a wonderful woman," "has a steady job," "is
| 6  | always there for family functions, dinners, and is the first one we call if we need help." ECF No.
| 7  | 53-1.
| 8  | As a tradesman, Peters has maintained employment throughout his supervised
| 9  | release term. Suppl. Br. at 6. He currently builds and installs fencing in Acampo, and has
| 10 | concrete plans to obtain a contractor's license and open his own fencing company. *Id.* at 3; *see*
| 11 | ECF No. 53-2 (pictures of Peters' fencing work). To that end, Peters' counsel represents early
| 12 | termination will help him secure a contractor's license because the state licensing board requires
| 13 | "full documentation of [his] criminal history" and views "termination of supervision [as] an
| 14 | extremely positive step in showing rehabilitation." Suppl. Br. at 3-4. The Court has consulted
| 15 | with the Probation Officer, who confirms that Peters' current employment has been verified and
| 16 | he has reported his plans for licensure to her.
| 17 | While Peters has a significant criminal history, which should not be understated,
| 18 | he argues not unreasonably that his assault and misdemeanor domestic violence convictions are
| 19 | stale, with the former conviction occurring "fully twenty years ago" and the latter having arisen
| 20 | "out of a volatile relationship that ended over ten years ago." Suppl. Br. at 5. While Peters has a
| 21 | past history of drug use, he has abstained from illicit substances while on supervised release.
| 22 | Mot. at 2; Suppl. Br. at 6. Probation does not argue Peters has an ongoing issue with substance
| 23 | abuse, and has not recommended ongoing treatment or testing. *See* 18 U.S.C. § 3553(a)(2)(D).
| 24 | Additionally, while Peters has lived in a number of different locations during his term of
| 25 | supervised release, he has consistently had a roof over his head and has obtained stability with his
| 26 | current residential circumstances and relationship. Suppl. Br. at 1-3.
| 27 | Having considered Peters' conduct and the relevant 18 U.S.C. § 3553(a) factors,
| 28 | the court finds the factors weigh sufficiently in favor of finding early termination is appropriate.

Peters' conduct on release indicates he no longer poses a danger to the community. *Id.* at 4-5; *see* 18 U.S.C. § 3553(a)(2)(C). Moreover, there is no indication Peters requires continued educational or vocational training, medical care or correctional treatment. Suppl. Br. at 6; *see* 18 U.S.C. § 3553(a)(2)(D). Peters was convicted of serious crimes, *see* 18 U.S.C. § 3553(a)(1), but the Sentencing Commission encourages early termination where appropriate and early termination here will not contribute to sentencing disparities in light of Peters' time served, *see* USSG § 5D1.2 n.5; 18 U.S.C. § 3553(a)(4)-(7).

With his strides in his post-release life, early termination will allow Peters to pursue his professional goals and continue his current success. The court therefore GRANTS the motion, effective the day this order is filed.

IT IS SO ORDERED.

DATED: May 25, 2018.

_____
UNITED STATES DISTRICT JUDGE